**Andrew Clifford PARK and John W. Vandiver, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 18253.**

United States Court of Appeals Fifth Circuit.

Oct. 21, 1960.

Rehearing Denied Nov. 18, 1960.

Wesley R. Asinof, Atlanta, Ga., Jack S. Davidson, Jefferson, Ga., for appellants.

Charles D. Read, Jr., U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before JONES, Circuit Judge, and HOOPER, District Judge.

PER CURIAM.

The appellants were convicted on two counts of an indictment charging operations in non-tax paid distilled spirits. One count was for a substantive offense and the other for conspiracy. As to the substantive offense, it was claimed as to Park that although there was evidence that he had undertaken to have the liquor delivered and had received payment for it before it was delivered, there was no evidence that it was ever in his personal custody and the conviction could not be sustained. The position is unsound. If not otherwise subject to conviction Park became so as one aiding and abetting in the commission of the offense. 18 U.S.C.A. § 2.

The principal point urged as a reason for a reversal of the conviction is that the Government agents to whom the liquor was sold entrapped the appellants. The evidence shows that the agents approached the appellant Park and offered to buy liquor from him. Park, after brief negotiations, agreed to make a sale and the price and time and place of delivery were agreed upon. Park was paid for the spirits which were delivered by the appellant Vandiver. The defense of entrapment was not asserted during the trial but the appellants contended that they made no sale and made no delivery of the illicit liquor. Cf. Rodriguez v. United States, 5 Cir., 1955, 227 F.2d 912; Henderson v. United States, 5 Cir., 1956, 237 F.2d 169, 61 A.L.R.2d 666. However, the court gave a charge on entrapment and later, at the appellants' request, gave another. Where there is a defense of entrapment it is generally a question for the jury. Kivette v. United States, 5 Cir., 1956, 230 F.2d 749. Nothing here established that the agents lured and induced the commission of the offense rather than affording an opportunity to persons of ready willingness and complaisance to enter into the unlawful transaction. This being so, the appellants were not entitled to an acquittal as a matter of law.

The judgment of the district court is Affirmed.