**Fuller HOLT et al., Appellants,**

v.

**UNITED STATES of America,**
**Appellees.**

**No. 18510.**

United States Court of Appeals
Fifth Circuit.

March 23, 1961.

Rehearing Denied April 25, 1961.

A. Cecil Palmour, Summerville, Ga., Wesley R. Asinof, Bobby Lee Cook, Atlanta, Ga., for appellants.

J. Robert Sparks, Asst. U. S. Atty., William C. O'Kelley, Asst. U. S. Atty., Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for appellees.

Before RIVES, BROWN, and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal from convictions for conspiracy and various substantive counts of "moonshining".

■ Appellants' principal contention is that the participation of a paid government informer in their illegal activities estops the government from prosecuting them. The record clearly establishes that the government agent did not seduce otherwise innocent persons to violate the law. See Park v. United States, 5 Cir., 1960, 283 F.2d 253. Rather, the informants' participation in their illegal activities was at the behest of the defendants in each instance. What the government paid for, and what it received in this case was information. We find nothing in the eliciting and utilization of this information which should estop this prosecution.

■ Appellant, Mrs. E. D. Holt, argues that there was insufficient evidence to support her conviction on counts 5 and 7 of the indictment. Her sentence of three years on probation could properly have been imposed as a result of her conviction under count 1. See 18 U.S.C.A. § 371. Where the evidence is sufficient to support a conviction on one count and the total sentence imposed does

not exceed the maximum which may be imposed under that count, we will not consider the sufficiency of the evidence as to other counts. Barenblatt v. United States, 1959, 360 U.S. 109, 115, 79 S.Ct. 1081, 3 L.Ed.2d 1115.

 The last point on appeal is that the evidence discloses three separate conspiracies, each revolving around the operations of a single still, rather than one general conspiracy. We think that the evidence discloses one conspiracy to produce "moonshine" and the intermittent operations of the respective stills were all in pursuance of that end.

The judgment of the court below is affirmed.