**Loy Dean SHEFFIELD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23681.**

United States Court of Appeals
Fifth Circuit.

April 17, 1967.

Rehearing Denied June 23, 1967.

Robert B. Thompson, Robinson, Thompson, Buice & Harben, Gainesville, Ga., for appellant.

Thomas K. McWhorter, Asst. U.S. Atty., Atlanta, Ga., Charles L. Goodson,

U.S. Atty., Robert L. Smith, Asst. U.S. Atty., for appellee.

Before TUTTLE, Chief Judge, AINSWORTH, Circuit Judge, and FULTON, District Judge.

PER CURIAM:

This appellant was convicted on count one and on counts two and five of an indictment charging violation of the Federal liquor statutes. Appellant attacks only the sufficiency of the evidence to support the verdict as to count one. This court has held that where evidence is found sufficient to support conviction on one count, and the total sentence does not exceed the maximum which might have been imposed thereunder, the appellate court would not consider sufficiency of the evidence to support the other counts. Holt v. United States, 5 Cir., 1961, 288 F.2d 447; Benson v. United States, 5 Cir., 1964, 332 F.2d 288, 290.

The judgment is affirmed.

ON PETITION FOR REHEARING

■ Appellant calls our attention to the fact that our failure to consider his challenge to the sufficiency of the evidence introduced on count one of this indictment was based on an incorrect application of a well known rule of law. This rule is that where there is a verdict of guilt on several counts and the sentences are to be served concurrently, and where the evidence as to only one of the counts is challenged as sufficient on appeal, the court will not consider the sufficiency of the evidence to support the conviction of the single count if the sentence on the others does not exceed the maximum that could be imposed on the count in issue. See Holt v. United States, 5 Cir. 1961, 288 F.2d 447; Benson v.

United States, 5 Cir. 1964, 332 F.2d 288, 290.

■ We agree that this rule is not applicable here, because the sentence on the first count which appellant attacks on appeal was for eighteen months in the custody of the Attorney General whereas the sentences on the remaining counts was for twelve months probation, to be served following the confinement. See Pugliese v. United States, 1st Cir. 343 F.2d 837.

■ However, upon a careful examination of the record, we find that not only was no motion for acquittal made as to the first, or any other, count at the conclusion of the case,[1] but we also find, without determining that this is a proper case for application of the clear error rule, Rule 52(b) F.R.Crim.P., that there was ample evidence upon which the jury could find that Sheffield was guilty of the offense charged in count one of the indictment. Not only was there evidence that co-defendant, J. C. Painter, who was first approached by the government agents to buy the moonshine liquor, took them several miles to a place of business operated jointly by Sheffield and co-defendant Lingerfelt, who then went off and obtained the liquor and completed the transaction, but we conclude that the jury could also consider the evidence on the sale two days later which was made the basis of count two of the indictment. That evidence indicated that Sheffield actively participated in the later sale and offered to produce the liquor before the agents even asked for it. This evidence was admissible to show the degree of involvement of Sheffield on the earlier occasion, if any such evidence was needed after it was clear that the transaction took place on property at least jointly under Sheffield's control.

The petition for rehearing is denied.

1. This, of course, prevented the trial court from considering the alleged lack of evidence to support the verdict of the jury, and would normally prevent our consideration of the case on appeal. However, here the government does not object to our consideration of the evidence on this ground.