**Lloyd Oliver McCOLLUM, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 26025.**

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1969.

Richard Wayne Grant, Marianna, Fla., for appellant.

Clinton Ashmore, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before THORNBERRY and AINSWORTH, Circuit Judges, and DAWKINS, District Judge.

BY THE COURT:

Appellant was charged, in a four-count indictment, with violation of Internal Revenue Laws relating to non-taxpaid distilled spirits, 26 U.S.C. §§ 5173(b), 5179, 5222, 5601(a) (1), 5601(a) (2), 5601(a) (4), and 5604(a) (1). He was tried by jury, found guilty on all counts, and given a *general* sentence of 18 months. In this appeal, he maintains that the verdict is contrary to the law and evidence, and that the trial court erred in denying his motions for judgment of acquittal made at the completion of the Government's case and after appellant's evidence fully was adduced.

With respect to Count One, that appellant "did unlawfully carry on the business of a distiller, that is to say, did produce distilled spirits without having first given bond as required by the Internal Revenue Laws of the United States. (26 USC 5173(b), 5601(a) (4) )," we are firmly convinced that the evidence clearly is sufficient to support the verdict and the trial court's denial of appellant's motions for judgment of acquittal.

The record reveals that Vernon Andreason and Frank Rooks, agents of the Florida State Beverage Department, commenced surveillance of a barn on the morning of May 3, 1966. During the day, they saw Lloyd McCollum come out of the barn, and go back in, on several occasions. They suspected that an illicit distillery was located inside because they saw an electric water pump running continuously and heard a blower running. They observed McCollum, and the other men involved, unload bags of sugar from a truck, and gas cylinders, which are necessary to the distillation process. May 6, the agents resumed their surveillance and made essentially the same observations as on May 3. That afternoon when they attempted to apprehend all of the men involved, McCollum fled and escaped. He was arrested, however, later in the day about thirty miles from the site of the illegal still. Harvey Schmitz, one of the violators who pleaded guilty, testified for the Government. He confirmed that McCollum was at the site of the still on the days in question.

There exists some reasonable doubt as to the sufficiency of the evidence with respect to Counts Two, Three, and Four.[1] However, since the

---

1. Counts Two, Three, and Four, respectively, charge that appellant "did unlawfully have in [his] possession a still or distilling apparatus set up which was not registered as required by law (26 USC 5179, 5601(a) (1)."

That he "did unlawfully make or ferment mash fit for distillation or for the production of distilled spirits on premises other than a distillery duly authorized according to law (26 USC 5222, 5601(a) (7))."

And that he "did unlawfully possess distilled spirits in containers, upon which immediate containers no stamps were affixed evidencing the determination of tax-

general sentence of 18 months properly could have been, and was, imposed for conviction under Count One,[2] we need not consider the matter of sufficiency of the evidence as to Counts Two, Three, or Four. Barenblatt v. United States, 1959, 360 U.S. 109, 79 S.Ct. 1081, 3 L. Ed.2d 1115; Holt v. United States, 5th Cir. 1961, 288 F.2d 447.

■ In deciding this case as we do where a general sentence has been imposed, we are not unmindful of our former decision in Benson v. United States, 5 Cir., 1964, 332 F.2d 288 (Brown, J.), in which we held that the practice of general sentencing was bad and undesirable, and we do not retreat from the principles announced in that decision, which we reaffirm. However, as a result of questions from the bench during oral argument, we learned that McCollum had fully served his sentence and had been released. Therefore, no useful purpose is served by remanding this case for resentencing, and remand for resentencing would be a futile gesture under the circumstances.

Affirmed.

es or indicating compliance with the Internal Revenue Laws. (26 USC 5205(a)(2), 5604(a)(1))."

2. The maximum penalty for conviction under Count One is a fine of not more than $10,000 and imprisonment for not more than five years. 26 U.S.C. § 5604(a).