UNITED STATES of America,
Plaintiff-Appellee,

v.

Stephen PENNER, Defendant-Appellant.

No. 28508

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 28, 1970.

Richard H. Baker, (Court appointed), Columbus, Ga., for defendant-appellant.

William J. Schloth, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

Stephen Penner was indicted, convicted and sentenced for knowingly trans-

porting a stolen vehicle in interstate commerce in violation of Title 18, U.S.C., Section 2312.

His appeal urges: (1) that the trial judge exceeded permissible limits of participation in the questioning of witnesses to such an extent that appellant was deprived of a fair and impartial trial, and (2) that the evidence was insufficient to show that the defendant had knowledge that the automobile was stolen when he transported it in interstate commerce from Columbus, Georgia, to Bossier City, Louisiana. We find neither contention to be well taken and affirm.

 Although the isolated portions of the record quoted on brief might indicate an undue interference by the trial judge with the trial, we think that the first contention is refuted by a perusal of the record as a whole. From such examination it is clear that the main purpose of the trial judge's intervention was to assist the jury and to discourage efforts by defense counsel to explore irrelevant issues and to make premature jury arguments. The comments of the court were not argumentative and did not indicate his views as to guilt or innocence.

The second contention fails for two reasons. The question of the sufficiency of the evidence was not preserved by motion for judgment of acquittal at the close of all the evidence [1], and such failure constitutes a waiver of this point on appeal. Additionally, when viewed in the light most favorable to the government [2] the evidence was clearly sufficient. The appellant's possession of the recently stolen vehicle warranted a jury's inference that he

was the thief and that he had knowledge of the stolen nature of the vehicle.[3] The defendant's testimonial explanation of how he came into possession of the vehicle was not binding upon the jury and simply raised a factual issue for the jury's determination as to the reasonableness of the explanation.

The judgment is

Affirmed.

---

1. See Sheffield v. United States, 5 Cir. 1967, 381 F.2d 721; Meeks v. United States, 5 Cir. 1958, 259 F.2d 328; Moomaw v. United States, 5 Cir. 1955, 220 F. 2d 589; Knight v. United States, 5 Cir. 1954, 213 F.2d 699. Such a failure to move for a judgment of acquittal constitutes a waiver of his point on appeal and generally the courts will not review the sufficiency of the evidence except to pre-

vent a miscarriage of justice. *Meeks, supra.*

2. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941); Jones v. United States, 5 Cir. 1968, 391 F.2d 273.

3. See Thurmond v. United States, 5 Cir. 1967, 377 F.2d 448; Orser v. United States, 5 Cir. 1966, 362 F.2d 580.