Edgar Lee **WHATLEY**, Edward **Reed** **Whatley and Frank Durell Moody,** Defendants-Appellants,

v.

**UNITED STATES of America,** Plaintiff-Appellee.

No. 26084.

United States Court of Appeals, Fifth Circuit.

June 22, 1970.

Tom Radney, Alexander City, Ala., Patterson & Rinehart, Montgomery, Ala., for appellants.

Ira De Ment, U. S. Atty., William H. Tomas, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before TUTTLE, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is actually an appeal from convictions of three persons for violation of several different moonshine statutes. Moody was convicted of transporting untaxed whiskey. The Whatleys were convicted of being in possession of untaxed whiskey, but they were acquitted on the count charging that they were in possession of an unregistered still.

■ All parties attack the conviction on the basis of the cases of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L. Ed.2d 906, dealing with the self-incrimination dangers of certain narcotic statutes. This court has repeatedly held that prosecutions for possession of non-tax-paid liquor is not within the rule of those cases. See Hall v. United States, 5 Cir., 1969, 407 F.2d 1320, and cases cited in footnote 1 to Wilson v. United States, 5 Cir., 1969, 409 F.2d 604.

■ Moody challenges his conviction on the ground that the prosecution was not commenced against him for some twenty-two months after the alleged crime had been committed. Once again this challenge must be rejected by virtue of the long standing rule of this court that a delay in the bringing of an indictment, so long as the applicable statute of limitations is still open, does not amount to a Sixth Amendment violation. United States v. Grayson, 5 Cir., 1969, 416 F.2d 1073; Harlow v. United States, 5 Cir., 1962, 301 F.2d 361. We are bound by these decisions and cannot follow Jackson v. United States, 1965, 122 U.S.App.D.C. 124, 351 F.2d 821, cited on behalf of the appellant.

■ As to the contention by the Whatleys that their having been acquitted of the charge of possessing an un-registered still, and the fact that their possession of the nontax-paid alcohol was within the same enclosure, must result in a reversal of the conviction for possession of the nontax-paid whiskey, because inconsistent with the verdict of acquittal, it must also fail. Other ingredients are involved in the count of possessing nontax-paid whiskey and the count involving the possession of an unregistered still.

■ So far as relates to the challenge of the sufficiency of the evidence, it is sufficient to note that the defendants failed to move for acquittal at the close of all the evidence, and thus this court will not consider the question of the sufficiency of the evidence. See Sheffield v. United States, 5 Cir., 1967, 381 F.2d 721. Upon a review of the record we conclude that this is not such a case as to cause the court to review the sufficiency of the evidence to prevent a manifest miscarriage of justice. See Thomas v. United States, 5 Cir., 1951, 189 F. 2d 430.

As to Moody's contention that there was an illegal search of his truck, we conclude that state troopers had probable cause to search his truck under the facts shown by the record.

■ Finally, we do not equate the trial and conviction of Moody on the federal crime of transporting unstamped distilled spirits as prohibited by Chapter 51, Title 26, following his conviction by state officers of Alabama for transporting whiskey in a dry county with the case of Waller v. State of Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 decided April 6, 1970. Not only has the court not yet held that a federal prosecution for commission of a federal crime which is based on the same state of facts as a state offense for which the accused has been convicted is barred by the double jeopardy provisions of the federal constitution, but here it is clear that a different state of facts is involved in the state conviction from that in the federal conviction. The federal crime is a crime against the revenues—

that is the failure to pay the tax. The state offense was the possession per se of whiskey in a dry county in the state of Alabama. We conclude that the court should not invalidate the federal conviction of the appellant of a crime against the United States government dealing with its revenue laws because of the prior conviction of a misdemeanor involving the mere possession of whiskey in a dry county in the state of Alabama.

The judgments are affirmed.