UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas Edward LANDERS,
Defendant-Appellant.

No. 73–1995

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1973.

Rehearing Denied Sept. 26, 1973.

Addison Bradford, Jr., Dallas, Tex. (Court appointed), for defendant-appellant.

Frank McCown, U. S. Atty., Fort Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, Thomas E. Landers, was indicted on three counts of transporting in interstate commerce forged securities in violation of 18 U.S.C. § 2314. The jury returned a verdict of guilty on all three counts. Accordingly, the court imposed a sentence of four year concurrent prison terms on counts one and two and a two year probation period on count three which is to follow the four year prison term.

Appellant presents three contentions for our review: (1) the Government introduced insufficient evidence that appellant knew the travelers checks which he negotiated were stolen; (2) the trial court erred in denying appellant's motion *in limine* which sought to prevent the introduction by the Government of appellant's prior state conviction of passing forged securities which was then on appeal to the Texas Court of Criminal Appeals; and, (3) the trial court unduly limited appellant's re-cross-examination of a Government

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

witness to show possible bias in giving incriminating testimony.

## I. *Sufficiency of the Evidence*

■ Since appellant failed to make a motion for acquittal after all of the evidence had been presented, the standard for our review of the sufficiency challenge is circumscribed. See Rule 29, F. R.Crim.P. In such situations reversal on insufficiency of the evidence grounds is permitted only if the record reveals there has been a manifest miscarriage of justice because the evidence on a key element of the offense is so tenuous that a conviction would be shocking.[1] We are thus limited to a determination of whether the record is "devoid of evidence pointing to guilt."[2]

■ The record in this case amply demonstrates that the Government presented sufficient evidence from which the jury could conclude beyond a reasonable doubt that at the time appellant negotiated the travelers checks he knew they were stolen. Robert Beasley, an accomplice of appellant in the perpetration of this fraud, testified that he gave the travelers checks to appellant to cash on a percentage basis. Furthermore, after his arrest, appellant related to a fellow cellmate at the Dallas County Jail that "he got bad money orders and cashed them." Considering all the surrounding circumstances of appellant's procurement and negotiation of the stolen securities, it is apparent that the Government presented sufficient evidence on the element of knowledge.

## II. *Limitation on Recross-Examination*

■ Since the use of prior convictions which at the time of trial are then on appeal are admissible for impeachment purposes in this Circuit,[3] we proceed to the final issue raised in appellant's brief. One of the key witnesses in the Government's case against appellant was Robert Beasley. Beasley testi-

fied that he had given the stolen traveler's checks to appellant and in return for cashing them appellant was to receive a percentage of the proceeds.

On cross-examination, Beasley admitted that he had told a Mrs. Bates, previous counsel for appellant, that he guessed appellant was innocent. On redirect examination, Beasley stated that he was only trying to help appellant by his comments to Mrs. Bates. On recross-examination, the following colloquy ensued without any previous foundation being laid about any promises of leniency from or agreements with the Government:

Q. [By counsel for appellant] In other words, when you changed your story, you were more or less making a deal with the Government, weren't you?

A. [Beasley] I plead the Fifth to that, Judge.

The Court: One minute—don't answer the question. No *deal* is made with the Government. [Emphasis added]

Mr. Bradford: [counsel for appellant] Your honor, I apologize, and I withdraw the question.

The Court: All right.

Mr. Stephens: [Government counsel] We have no further questions.

The Court: All right, you may be excused, Mr. Beasley.

Thus the record reveals that no objection was made to the court's limitation on cross-examination by counsel for appellant. Moreover, counsel did not pursue the questioning as to possible promises which might have been made to Beasley to induce his testimony. It is apparent that the court was not objecting to the subject matter of the question but merely to the *form* in which it was phrased. The question contained a conclusion about a "deal" when no supporting facts had been introduced about any such agreement with the Government.

1. United States v. Haney, 429 F.2d 1282, 1283 (5th Cir. 1970); Whatley v. United States, 428 F.2d 806, 807 (5th Cir. 1970).

2. United States v. Wright, 427 F.2d 1179, 1180 (5th Cir. 1970).

3. *See,* United States v. Franicevich, 471 F.2d 427, 428 (5th Cir. 1973) United States v. Ward, 481 F.2d 185 (5th Cir. 1973).

On the basis of this record, we conclude that appellant was not prejudicially limited in his recross-examination of Beasley. A trial court has wide discretion in controlling the scope and the form of questions employed in recross-examination.[4] Here, considering the provocative and unfounded nature of the question propounded by appellant's counsel, we perceive no error in the trial court's actions. This is especially true since counsel could have continued in his attempt to adduce facts with respect to any possible promises by the Government to the witness by asking properly phrased questions.

The judgment is affirmed.

---

4. Hale v. United States, 435 F.2d 737, 749–751 (5th Cir. 1970).