[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10043
Non-Argument Calendar
_____

D.C. Docket No.  4:12-cr-00044-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 31, 2013)

Before TJOFLAT, MARCUS, and COX, Circuit Judges.

PER CURIAM:

Henry Hill appeals his conviction for possession of a firearm in furtherance

of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  On appeal,

Hill contends that the Government neither presented sufficient evidence that he

was engaged in a drug trafficking crime nor sufficient evidence that his firearm possession furthered the crime.

Hill was charged in Count One for possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a) and § 841(b)(1)(C), and in Count Two for possessing a semiautomatic pistol in furtherance of the drug trafficking crime charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i).   He was convicted on both Counts, but on this appeal he challenges only his firearms conviction under Count Two.  We affirm.[1]

Hill contends that the evidence was insufficient to support a conclusion that he was engaged in a drug transaction at the time in question and that the evidence was insufficient to support a conclusion that there was some nexus between the firearm and the drug transaction.

First, the Government presented sufficient evidence that Hill was engaged in a drug trafficking crime at the time in question on May 25, 2012.   Andrew Woodard's testimony supports the finding that Hill was meeting him to sell him drugs.   To be sure, Woodard's testimony was at times inconsistent.   But Woodard's credibility was a question for the jury. *See United States v. Thompson*,

---

[1] The parties contend that we review de novo whether sufficient evidence exists to support Hill's firearms conviction.  However, Hill failed to move at any time for a judgment of acquittal.  Thus, we review the sufficiency of the evidence for manifest injustice, which requires a finding that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking."  *United States v. Tapia*, 761 F.2d 1488, 1491–92 (11th Cir. 1985) (quoting *United States v. Landers*, 484 F.2d 93, 94 (5th Cir. 1973)).

473 F.3d 1137, 1142 (11th Cir. 2006) ("The jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict."). Here, a jury could reasonably conclude—based on Woodard's testimony—that Hill was engaged in a drug transaction at the time in question.

Second, the Government presented sufficient evidence that Hill's firearm furthered the drug trafficking crime. When the officers surrounded Hill's Jeep they saw him lean towards the center console—close to the place where they eventually found a loaded Smith & Wesson .40-caliber pistol wedged between the driver's seat and the console. (*See* Dkt. 58 at 19–21, 40–41.) The officers found 3.3 grams of crack cocaine in three small bags within one large bag in the console's cup holder and more than $3,000 in cash (including many small bills) in the Jeep. (*Id.* at 24–27.) The Government also presented the expert testimony of an agent from the Drug Enforcement Administration. (*See id.* at 60–69.) The agent testified that drug dealers tend to have guns to protect their drugs and cash. (*Id.* at 62.) A jury could reasonably conclude that Hill possessed his gun to further his drug trafficking crime by allowing him to protect his crack cocaine and his cash. No manifest injustice has been shown.

AFFIRMED.

3