**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12378

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

PIERRE C. MARC,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00071-WFJ-AAS-1

————————————

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Pierre Marc, proceeding pro se, appeals his convictions and sentence for (1) conspiracy to possess with intent to distribute co-

caine, fentanyl, heroin, and marijuana, and (2) possession with intent to distribute fentanyl and marijuana.    First, he argues that his notice of appeal of the district court's interlocutory rulings divested the district court of jurisdiction to proceed with his trial.    Second, he reasserts various claims arising from his unsuccessful "motion to take judicial notice of fraud," including forgery on his arrest warrant, being arrested without probable cause, and being indicted without a grand jury.    Third, he claims that there is insufficient evidence to support his convictions.    And fourth, he contends that the district court miscalculated his sentence.    None of Marc's arguments has merit, so we affirm.

## I

After arresting known drug dealer Calfus Drummond, the Drug Enforcement Agency had him orchestrate a controlled wholesale fentanyl purchase from Marc, his source.    With agents listening, Drummond called Marc and requested "a quarter or a half kilo" of fentanyl.    Marc replied with a price.    At the agreed-on drop-off spot, agents arrested Marc and found him in possession of about 250 grams of fentanyl and some marijuana.

Soon afterwards, a grand jury charged Marc in an indictment that included, as relevant here, one count of conspiracy to possess with intent to distribute 40 grams or more of fentanyl, a detectable amount of cocaine, and a detectable amount of marijuana in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), (C), and (D) (Count I); and one count of possession with intent to distribute 40 grams or more of fentanyl, a detectable amount of cocaine, and a detectable

amount of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)–(D) (Count II).

Marc pleaded guilty to Count I and was sentenced to 120 months' imprisonment. Subsequently, the district court found that his counsel was ineffective, vacated his guilty plea, and rescheduled his case for trial. Marc then opted to proceed pro se.

The government then filed a superseding indictment that charged Marc with the same counts, but with slightly different kinds and quantities of drugs: one count of conspiracy to possess with intent to distribute *400 grams* or more of fentanyl, *5 kilograms* or more of cocaine, a detectable amount of marijuana, and a detectable amount of *heroin* (Count I); and possession with intent to distribute 40 grams or more of fentanyl, a detectable amount of marijuana, and a detectable amount of cocaine[1] (Count II).

After Marc filed a series of motions that were denied by the district court, he filed an "Emergency Motion for [the] Court to Take Judic[i]al Notice of Fraud Upon the Court and Request for Pre-Trial Evidentiary Hearing on the Fraud and Constitutional Violations." This motion alleged the following six issues: (1) that Marc was arrested without probable cause; (2) that the magistrate's signature on his arrest warrant was forged; (3) that the district court lacked subject matter jurisdiction; (4) that the indictment was

---

[1] The cocaine charge in Count II was later stricken from the superseding indictment.

"fake" because no grand jury was convened; (5) that the superseding indictment was "vindictive"; and (6) that the government illegally wiretapped a conversation between him and a cooperating defendant.

The district court directed the government to respond only to the wiretap allegation, which the government did. In response, Marc filed an "Emergency Motion to Correct Erroneous Order," which argued, in relevant part, that it was impermissible for the district court to ask the government to respond only to the wiretap claim and not to the five other claims.

The district court denied Marc's motion "to take judicial notice of fraud" because it was "repetitive of several other[]" motions and "without basis in fact and law." The court found (1) that Marc's arrest was constitutional because it was a "typical . . . 'buy-bust' case[]" involving an on-the-scene arrest; (2) that the magistrate's signature, with which the court was "very familiar," was "not forged on court documents"; (3) that the district court had subject matter jurisdiction; (4) that the indictment wasn't "false" because "a proper grand jury was empaneled and with a quorum voted to properly return th[e] indictment"; (5) that the superseding indictment was not vindictive and merely "slightly expanded one Count" from the original indictment; and (6) that there was no illegal wiretap.

The district court also denied the motion "to correct" as being "without basis in fact or law" and "repetitive of matters already ruled upon."

24-12378                Opinion of the Court                    5

Marc then filed a notice of appeal to this Court regarding these two denials, as well as a motion to stay proceedings in the district court pending resolution of his appeal.   The district court denied his motion for stay because the "appeal is frivolous." "There are no final orders entered in this case.   The trial will remain on the . . . docket."   We similarly dismissed Marc's appeal *sua sponte* for lack of jurisdiction because the district court's orders weren't "final" or "reviewable under the collateral order doctrine." *United States v. Marc*, No. 23-13955, slip op. at 2–3 (11th Cir. Jan. 31, 2024).

Marc's case proceeded to trial.   At trial, the jury found him guilty on both counts.[2]

## II

We first consider Marc's argument that his notice of appeal had "divested the district [court of] jurisdiction to act in this case." Br. of Appellant at 14.   After the district court denied Marc's motion "to take judicial notice of fraud" and his motion to "correct [the district court's] erroneous order," he filed a notice of appeal.

We review de novo whether the pendency of an interlocutory appeal divests a district court of jurisdiction.   *See United States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995).

---

[2] The indictment and superseding indictment also included one count of possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)), for which Marc was found not guilty.

While a notice of appeal from an *appealable* order "divest[s] the trial court of jurisdiction over the matters at issue in the appeal," *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986), a "notice of appeal from a *non-appealable* order does not divest the district court of jurisdiction." *United States v. Khoury*, 901 F.2d 948, 969 n.20 (11th Cir. 1990) (emphasis added) (citing *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc), *superseded by statute on other grounds as recognized by United States v. Martinez*, 763 F.2d 1297, 1308–09 (11th Cir. 1985)). Orders are appealable if they are final or reviewable under the collateral order doctrine. *See* 28 U.S.C. § 1291; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

Marc's interlocutory appeal—which we dismissed for lack of jurisdiction—was neither a final judgment nor a reviewable collateral order. *United States v. Marc*, No. 23-13955 (11th Cir. Jan. 31, 2024). It wasn't final because, as we determined at the time, Marc's "case ha[d] not proceeded to judgment; he ha[d] not been convicted or sentenced." *Id.* at 2. And it wasn't reviewable under the collateral order doctrine because he would be able to raise those claims "on appeal from a final judgment"—as he does now. *Id.* at 3. Thus, the district court's interlocutory orders denying Marc's motion for fraud and his motion to correct were non-appealable. His notice of appeal didn't divest the district court of jurisdiction over his case.

## III

Because Marc's judgment is now final, we next assess the myriad claims he reasserts arising from his unsuccessful motion for fraud and his motion to correct.

First, Marc argues that the district court abused its discretion in directing the government to respond to only the wiretap claim and not to the five other claims. But a court has discretion to request a response to one claim but not to another, as it did here. And it had independently investigated the other fraud allegations, eliminating the need for the government to address them.[3]

Second, Marc contends that the magistrate's signature on his arrest warrant was "forged." We review findings of fact—like one regarding whether a signature was forged—for clear error. *See Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007). The district court was "very familiar" with the magistrate's signature, and, upon investigating the issue, determined that her "signatures were not forged on court documents." We affirm.[4]

---

[3] Marc also argues that the district court "illegally prevented" the government from responding to Marc's other claims, but the government could have responded to them if it wanted to do so.

[4] Marc also argues that the magistrate's signature on his criminal complaint was forged, but he has abandoned this issue because he raises it for the first time on appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). He also argues that the district judge's signature on the

Third, Marc claims that he was arrested without probable cause or a warrant in violation of the Fourth Amendment. We review de novo questions of constitutional law. *Graham v. R.J. Reynolds Tobacco Co.*, 857 F.3d 1169, 1181 (11th Cir. 2017) (en banc). Warrantless arrests are constitutional when supported by probable cause. *See District of Columbia v. Wesby*, 583 U.S. 48, 56 (2018). And probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* at 57. The DEA agents had probable cause because they were listening to Drummond arrange the wholesale fentanyl purchase from Marc, so there was a substantial chance that, at the agreed-on drop-off spot, Marc would have fentanyl in his possession with the intent to sell it to him.

Fourth, Marc posits that his indictment was invalid because "[n]o grand jury was convened to indict" him. Br. of Appellant at 24. Again, we review factual findings—like one about whether a grand jury was empaneled—for clear error. *See Jones*, 494 F.3d at 1309. Predictably, the district court found that there *was* a grand jury. "Nothing [wa]s amiss in the grand jury procedure," and the district court's "records show a proper grand jury was empaneled and with a quorum voted to properly return this indictment." We see no reason to doubt this finding and affirm.

And fifth, Marc avers that his superseding indictment was vindictive because it altered the kinds and quantity of drugs

---

judgment isn't "authentic," but he doesn't provide any support for this assertion.

charged. "A prosecutor may seek a superseding indictment at any time prior to a trial on the merits, so long as the purpose is not to harass the defendant." *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006) (internal quotation marks and citations omitted). A superseding indictment that "add[s] new charges that increase the potential penalty" is impermissible "if the prosecutor obtained the new charges out of vindictiveness," or "the desire to punish a person for exercising his rights." *Id.*

Though we have not "explicitly determined the standard of review in prosecutorial vindictiveness cases," *id.*, we "review allegations of prosecutorial misconduct *de novo* because it is a mixed question of law and fact." *United States v. Duran*, 596 F.3d 1283, 1299 (11th Cir. 2010).

Here, the prosecutor had the authority to seek a superseding indictment. And though the superseding indictment alleged greater quantities of the drugs (40 grams vs. 400 grams of fentanyl, and a detectable amount vs. 5 kilograms of cocaine) and added heroin to the conspiracy count, it didn't add new charges. Importantly, Marc made no showing that the superseding indictment was vindictive, *i.e.*, that its purpose was to "harass" him or to "punish [him] for exercising his rights." *See Barner*, 441 F.3d at 1315. We thus affirm.

## V

We next consider whether there is sufficient evidence to convict Marc. Specifically, he argues that no rational trier of fact could have found him guilty of conspiracy to possess with intent to

distribute 5 kilograms of cocaine and 400 grams of fentanyl be-
cause, at trial, the government presented no cocaine and only 40
grams of fentanyl.

In a sufficiency challenge, we "view[] the evidence in the
light most favorable to the government and draw[] all reasonable
inferences in favor of the jury's verdict." *United States v. Martin*,
803 F.3d 581, 587 (11th Cir. 2015). "We will not overturn a jury's
verdict if there is 'any reasonable construction of the evidence
[that] would have allowed the jury to find the defendant guilty be-
yond a reasonable doubt.'" *Id.* (quoting *United States v. Friske*, 640
F.3d 1288, 1291 (11th Cir. 2011)).

We review an unpreserved challenge to the sufficiency of
the evidence for a "miscarriage of justice." *United States v. Tapia*,
761 F.2d 1488, 1491 (11th Cir. 1985). An appellant fails to preserve
his challenge if he fails to renew his motion for judgment of acquit-
tal after presenting evidence on his own behalf. *Id.* The phrase
"miscarriage of justice" "has been interpreted to require a finding
that 'the evidence on a key element of the offense is so tenuous that
a conviction would be shocking.'" *Id.* at 1492 (quoting *United
States v. Landers*, 484 F.2d 93, 94 (5th Cir. 1973)).

Marc failed to properly preserve his sufficiency challenge.
After the government rested, the district court "assume[d]" that
Marc raised a motion for a judgment of acquittal, which the court
denied. Then, though, Marc took the stand to testify in his own
defense and called a character witness. And after presenting his
evidence, Marc failed to make or renew any motion for a judgment

of acquittal.    Accordingly, we review his sufficiency claim for a miscarriage of justice.

For conspiracy to possess with intent to distribute 5 or more kilograms of *cocaine*, the government offered (1) the testimony of Ahmad Weston, one of Marc's buyers, that Marc had provided him with at least half a kilogram—and sometimes up to 2 kilograms—of cocaine every week from January to August or September 2019, amounting to at least 30 kilograms; and (2) Weston's identification of Marc talking about cocaine in audio recordings and carrying cocaine in video recordings.

For conspiracy to possess with intent to distribute 400 grams or more of *fentanyl*, the government offered (1) Weston's testimony that Marc supplied him with an ounce—and sometimes up to 5 ounces—of fentanyl every week from January to August or September 2019, amounting to at least 30 ounces (or about 850 grams); (2) Drummond's testimony that he called Marc at least "every other day" to obtain fentanyl to sell to users and purchased as much as "16 to 18 ounces" from him at once; (3) DEA agents' testimony to finding of more than 1,800 grams of fentanyl in Drummond's home that he said were supplied by Marc; and (4) law enforcement testimony about the controlled buy of 250 grams of fentanyl arranged by Drummond that led to Marc's arrest.

This evidence is not so tenuous that Marc's conviction would be "shocking."    Upon viewing the evidence in the light most favorable to the government, it wasn't a miscarriage of justice to find him guilty of conspiracy to possess with intent to distribute

5 kilograms of cocaine and 400 grams of fentanyl.    Marc's sufficiency claim fails.

## VI

Marc raises three challenges to his sentence.    First, he argues that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000).    Second, he disputes the Presentencing Report's determination that he was in criminal-history category II because he had "no prior conviction."    Br. of Appellant at 21.    And third, he contests a two-level enhancement as the result of "a false statement by an unreliable witness."    *Id*. at 22.    "We review *de novo* the interpretation and application of the Sentencing Guidelines."    *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir.) (en banc) (quotation omitted).

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."    530 U.S. at 490.    The statutory sentencing range for Count I, conspiracy to possess with intent to distribute, among other substances, 400 grams of fentanyl and 5 kilograms of cocaine, "may not be less than 10 years or more than life."    21 U.S.C. § 841(b)(1)(A).    The statutory range for Count II, possession with intent to distribute, among other substances, 40 grams of fentanyl, "may not be less than 5 years and not more than 40 years."    21 U.S.C. § 841(b)(1)(B).    Marc was sentenced to 30 years in prison, which

doesn't exceed the statutory maximum for either count.    There was no *Apprendi* violation.

Next up, Marc's criminal-history category.    Under the Sentencing Guidelines, a *nolo contendere* plea that results in a sentence of less than sixty days imprisonment counts as one point, even if a conviction isn't "formally entered."    *See* U.S.S.G. § 4A1.1(c); *id.* §§ 4A1.2(a)(1), (f).    Then, the points are summed to determine the criminal-history category; two points correspond to category II. U.S.S.G. § 4A1.1(c); *id.* ch. 5, pt. A (Sentencing Table).    Because Marc had pleaded *nolo contendere* and was fined for two prior offenses, this amounts to two points and puts him in criminal-history category II, as the Presentencing Report had calculated.

Finally, Marc objects to a two-level enhancement as the result of "a false statement by an unreliable witness."    Br. of Appellant at 22.    But we don't have enough record evidence to assess this claim.    "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a *transcript* of all evidence relevant to that finding or conclusion."    Fed. R. App. P. 10(b)(2) (emphasis added).    "[T]he burden is on the appellant to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment."    *United States v. Graham*, 123 F.4th 1197, 1252 (11th Cir. 2024) (quoting *Selman v. Cobb Cnty. Sch. Dist.*, 449 F.3d 1320, 1333 (11th Cir. 2006)).

Because the sentencing transcript is not in the record, and the record is silent on which enhancements Marc objected to at sentencing and how the district judge resolved them, we must affirm his sentence.[5]

**AFFIRMED.**

---

[5] Marc also urges that he "timely filed a motion to correct the PSR which the district court erroneously denied."  Br. of Appellant at 22.  But this wasn't a motion; it was docketed and captioned as an objection to the PSR.