## COLT v. UNITED STATES (two cases).
### Nos. 11585, 11586.
Circuit Court of Appeals, Fifth Circuit.
April 10, 1947.

Bart A. Riley and A. C. Dressler, both of Miami, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Fred Botts, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Defendant was convicted of conspiracy to secure bribes to be paid to him as a member of the Price Panel of the Rationing Board of Dade County, Florida, and also of the substantive offense of accepting bribes for arranging favorable ceiling price for payees of the bribes.

In the conspiracy case no motion for a directed verdict was made in the lower Court, and, therefore, the sufficiency of the evidence is not here reviewable under the well-established rule which Defend-

ant's present counsel candidly recognizes. He insists, however, that the conviction of the conspiracy was illegal, chiefly because of the receipt of the testimony of Markowitz, a coconspirator, without antecedent proof by the Government of the existence of a conspiracy.

His argument fails to recognize the distinction between the admission in evidence of a confession by the accused, or the receipt of an extra-judicial admission by a coconspirator that is not susceptible of being considered as having been made in furtherance of the conspiracy, before receipt by the Court of corroborative evidence of the *corpus delicti,* and the situation in this case where the 'Court admitted the *direct testimony* of the coconspirator as a witness. This is not a case where a *confession* by the accused or by an accomplice was employed to prove the existence of the conspiracy, and the authorities cited by Appellant are not applicable.

 It is true that a confession of membership in a conspiracy made by the accused or by a coconspirator requires, as to the former, some evidence to corroborate the accused's confession,[1] and, as to the latter, evidence upon which the jury might conclude that the admission, insofar as it might affect the accused, was in furtherance of the conspiracy.[2] The Court below was not called upon to accept or reject a confession by Colt or Markowitz, but the testimony of the latter, in open Court, under oath, whereat the Defendant had the right of cross-examination. We do not agree that it is the law that the *testimony* of a coconspirator cannot be received in evidence until after corroborative evidence of the existence of the conspiracy has been introduced. A coconspirator, although an accomplice whose testimony is uncorroborated, is a competent witness against his coconspirator, not only as to the existence of the conspiracy, but as to the participation of his coconspirator therein. See 15 C.J.S., Conspiracy, § 92c, p. 1145; 22 C.J.S., Criminal Law, § 802, p. 1373; 11 Am. Jur. p. 576, § 43.

 The rule that the jury should carefully scrutinize the uncorroborated testimony of an accomplice goes not to the competency of his testimony but to its credibility.

The Defendant has also appealed from his conviction for the substantive offense of accepting a bribe. The two cases were consolidated for the purpose of briefing and argument.

 We do not believe that either the argument of the United States Attorney before the jury or the refusal of the Court to allow the case to be reopened constituted reversible error.

The judgment appealed from in each of the two cases is hereby affirmed.

---

[1] See United States v. Di Orio, 3 Cir., 150 F.2d 938, 940, wherein the Court stated the general rule to be: "* * * a conviction of conspiracy may not be sustained solely on an admission, or confession, of the accused unless such admission or confession is corroborated by independent evidence of the corpus delicti."

[2] It is also true that an admission or statement by one coconspirator, made in the absence of another conspirator, may not be received in evidence as against the latter unless it is shown that such admission or statement is in furtherance of a conspiracy to which both were parties or members; Fiswick v. United States, 67 S.Ct. 224.