Florence D. **GIFFORD**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17138.

United States Court of Appeals
Fifth Circuit.

Dec. 10, 1958.

James E. Anderson, Amarillo, Tex.,
for appellant.

William B. West, III, U. S. Atty., Fort
Worth, Tex., William N. Hamilton, Asst.
U. S. Atty., Dallas, Tex., for appellee.

Before TUTTLE, JONES and
BROWN, Circuit Judges.

PER CURIAM.

The appellant was convicted on
each of the three counts of an indictment
which charged her with raising Postal
Money Orders with intent to defraud
the United States. There were, in all,
sixteen money orders which were raised
from $41 to $47. These money orders
were payable to the holder of a mortgage
on the home of appellant and her hus-
band. Three of these money orders were
the basis of the indictment. The other
thirteen and another for a different
amount, and the retained stubs showing
the amounts for which the money orders
were issued, were introduced in evidence
over appellant's objection. Since all
were a part of a single scheme and fell
into a common pattern, there was no er-
ror even though the evidence tended to
show the commission of offenses for
which the appellant was not on trial.
Weiss v. United States, 5 Cir., 1941, 122
F.2d 675, certiorari denied 314 U.S. 687,
62 S.Ct. 300, 86 L.Ed. 550, rehearing de-
nied 314 U.S. 716, 62 S.Ct. 478, 86 L.Ed.
570.

One count of the indictment
charged the raising of a money order

payable to T. J. Bettes. The annexed photostatic copy of the money order and the original money order showed it to be payable to T. J. Bettes Company. This variance was immaterial and the appellant was not misled by it.

 The money orders were issued in Amarillo, Texas. The payee's place of business was in Houston, Texas. The indictment charged the offenses as being committed in the 'Amarillo Division of the Northern District of Texas. The appellant asserts the jursidiction and venue are not established. By her own testimony it was shown that the appellant mailed the money orders in Amarillo to the payee in Houston. We see no merit in this contention.

No error appearing, the judgment is Affirmed.