**Hal David CONDREY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21684.**

United States Court of Appeals
Fifth Circuit.

Oct. 8, 1965.

Rehearing Denied Nov. 12, 1965.

457

———◆———

M. W. Wells, Irvin A. Meyers, and Maguire, Voorhis & Wells, Orlando, Fla., for appellant.

Arnold D. Levine and C. S. Carrere, Asst. U. S. Attys., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before TUTTLE, Chief Judge, THORNBERRY, Circuit Judge, and CARSWELL, District Judge.

PER CURIAM.

This is an appeal from a conviction and sentence upon an indictment charging a conspiracy to steal and carry away United States government property. We find no support for the appellant's contention that overt act No. 1 charged conduct that amounted to the agreement or consent that constituted the conspiracy itself and that therefore it could not be charged as an overt act. There was ample proof in the record to show the existence of an agreement without the necessity of relying upon any one of the overt acts charged. Moreover, as said in Schnautz v. United States, 263 F.2d 525, 5 Cir., "[p]roof of the commission of an overt act might also be evidence of an agreement among conspirators depending on the nature of the act and the character of the proof. 15 C.J.S. Conspiracy § 92d, p. 1145."

We are not persuaded that the court erred in submitting overt act No. 5 to the jury merely because it charged that a telephone call was made by a non-conspirator to the appellant, since there was ample proof from which the jury could find that this telephone call was made at the request of the appellant himself, and the overt act is sufficiently broad to comprehend the carrying on of the telephone conversation, it thus being an overt act charging conduct by a conspirator.

We conclude that the proof of prior acts of the appellant, coupled with the court's charge limiting the purpose for receiving such evidence, comes within the exception to the general rule that evidence of other acts not related to the offense charged are not ordinarily admissible in criminal prosecutions. See Weiss v. United States, 5 Cir., 122 F.2d 675, cert. denied 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550.

There was sufficient evidence to warrant submission of the charge of conspiracy to the jury.

The judgment is affirmed.