**John Felix SUTTON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24737.**

United States Court of Appeals Fifth Circuit.

March 22, 1968.

Denmark Groover, Jr., Bloch, Hall, Groover & Hawkins, Wilbur D. Owens, Jr., Macon, Ga., for appellant.

Sampson M. Culpepper, Asst. U. S. Atty., Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from a jury verdict finding appellant guilty of forcibly breaking into a "building used in whole or in part as a post office, with the intent to commit in such * * * part thereof * * * any larceny or other depredation * * *." in violation of 18 U.S. C.A. § 2115.

The appellant concedes that the evidence is sufficient to support a finding by the jury connecting him with the breaking and entering and larceny from a building which was in part used as a post office. Appellant urges, however, that there is insufficient evidence of one of the essential elements of the crime,

*i. e.,* that there was an intent to break and enter for the purpose of burglarizing that part of the building used as a post office. Appellant also complains that it was error to admit evidence of other safe cracking jobs in which he was involved. We disagree on both points and affirm.

The post office in question is located inside a general store in a small town called Stevens Pottery, Georgia. A "U.S. Post Office" sign appears on the front window and a flag is displayed. There is a safe in a back room and another safe adjacent to a desk upon which there is grillwork and a sign "U.S. Post Office." On this desk rested the post office pigeon holes for letters. The desk was used in issuing money orders and putting up the mail.

In the early morning hours of October 3, 1965, the appellant and his cohorts blew the door off the safe adjacent to the post office desk with dynamite and stole eighteen books of stamps, cash, blank money orders and personal funds.

We are fully convinced that the evidence, when considered in the light most favorable to the government, Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, proved beyond a reasonable doubt that at the time of the breaking and entering the appellant had the specific intent to steal property from that part of the building which was used as a post office.[1]

Over objection of counsel for appellant the District Court permitted evidence to be introduced of other safe cracking jobs by appellant and his accomplices in geographical proximity to the Stevens Pottery Post Office on the same night and within a day or two of the burglary in question. These offenses were of like nature and not too remote in time. The trial judge must be given considerable latitude in allowing evidence to show the element of intent. Holt v. United States, 5 Cir. 1965, 342 F.2d 163, 166; Roe v. United States, 5 Cir. 1963, 316 F.2d 617, 621; Weiss v. United States, 5 Cir. 1941, 122 F.2d 675, 682. Furthermore, the court properly charged the jury concerning the limited use they should make of the evidence. Condrey v. United States, 5 Cir. 1965, 351 F.2d 456; Ahrens v. United States, 5 Cir. 1959, 265 F.2d 514.

Affirmed.

---

[1]. The physical facts are uncontradicted. The circumstantial evidence is compelling. The accomplices testified precisely on this point as follows:

"Q. Well, did you see any safe? [At the time they were 'casing' the store before the burglary.]

"A. Yes sir, one in the back room and one in the front where the post office was.

"Q. One over where the post office was?

"A. Yes sir. It was under the counter of the post office.

\* \* \* \* \*

"Q. Even though you knew Stevens Pottery was a good potential only because of cashing payroll checks and knowing that those checks and the cash used to cash them was not there you went up there on Sunday to bust that safe. Is that right?

"A. I didn't say only because it cashed payroll checks. It's a pretty good size store. It's also got a post office there. They always got a lot of cash on hand."