**Harry William THERIAULT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25016.**

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1968.

Rehearing En Banc Denied Dec. 11, 1968.

Joseph M. Matranga, Mobile, Ala., for appellant.

Don Conway, Asst. U. S. Atty., Mobile, Ala., for appellee.

Before COLEMAN and MORGAN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM.

In this appeal from conviction of five separate counts contained in two indictments charging violation of Title 18 U. S.C.A. §§ 500 and 641, appellant raises eight questions of procedural and substantive law. Specifically, he was convicted on four counts of making, forging and counterfeiting money orders and on one count of retaining and concealing stolen money orders. We have carefully reviewed the record and find each of the issues preserved for appeal to be without merit.

Contrary to the contention of appellant, the evidence was amply sufficient to support the verdict. Venue was proper. Dupoint v. United States (5th Cir., 1967), 388 F.2d 39. The evidence that appellant passed and forged other money orders was admissible to show identity and pattern. Sutton v. United States (5th Cir., 1968), 391 F.2d 592; Gifford v. United States (5th Cir., 1958), 261 F.2d 825. The search was based on probable cause and was valid from its inception. The admission into evidence of Theriault's statement was

proper for the limited purpose of permitting a handwriting expert to compare the handwriting in dispute with this proven specimen. The identification of the defendant did not constitute a violation of his Sixth Amendment rights. The complaint that the trial court admitted a photocopy of one money order without the requisite chain of custody is not supported by the record. The District Court held that the complaint concerning prejudicial publicity had no basis in fact. We agree.

Theriault received a fair and impartial trial at the hands of the Court and jury. No error appearing, the judgment of conviction is affirmed.

### ON PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.