**William Caulk JONES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25384.**

United States Court of Appeals
Fifth Circuit.

Jan. 2, 1969.

Joe R. Wallace, Birmingham, Ala., for appellant.

Don Conway, Asst. U. S. Atty., Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for appellee.

Before GEWIN and GODBOLD, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

We affirm the jury conviction of appellant for a Dyer Act violation, 18 U.S. C.A. § 2312.

A man by the name of Paul Hurley lost a brief case containing various items of identification in Washington, D. C. About three weeks later someone representing himself as Hurley leased a car from Avis Rent-A-Car in New Orleans, using as identification Hurley's driver's license and air travel credit card. The car was later found parked at an airport in another state. There was adequate evidence from which the jury could find that appellant used the name Paul Hurley and operated the leased car and left it parked at the airport.

We have considered every contention made by appellant. None calls for a reversal.

■ Appellant asserts that illegally seized evidence was introduced against him. But he neither moved to suppress it prior to the trial nor objected to its introduction during the trial. He contends that the government's evidence was the fruit of an interrogation by an FBI agent while appellant was in state custody on a state charge, without adequate *Miranda* warnings having been given. There was no objection at the trial on these grounds and the record before us does not show that an unlawful interrogation took place.

Appellant claims that instructions to the jury were prejudicial. They can be construed as such only by the most strained interpretation of the court's language. Here, too, objection at the trial was lacking.

■ There was no error in questioning a witness concerning rental by defendant of other automobiles under the name Paul Hurley as part of the same series of transactions and events. Sutton v. United States, 5 Cir. 1968, 391 F. 2d 592; South v. United States, 368 F. 2d 202, 205 (5th Cir. 1966).

The evidence was more than adequate to support the verdict.

Affirmed.