**Charles Hobart MAINS, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25227.**

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1969.

---

---

Robert B. Horner, Dennis R. Dingle, Jacksonville, Fla., for appellant.

Joseph W. Hatchett, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before TUTTLE, WISDOM, and BELL, Circuit Judges.

PER CURIAM:

The United States indicted the defendant-appellant, Charles H. Mains and a co-defendant, Donald D. Smith, for forcibly breaking into the Brookview Branch contract post office in suburban Jacksonville, Florida, with intent to commit larceny in violation of 18 U.S.C. § 2115. The jury convicted both defendants and the court sentenced each to five years imprisonment.

The facts on which the jury brought in a verdict of guilty are stated in Smith v. United States, 5 Cir. 1969, 413 F.2d 1121. Mains rests his appeal on the alleged wrongful admission of certain testimony and other evidence and on the alleged wrongful denial of his motion for a mistrial. We find no merit in either contention.

■ (1) The testimony of the owner of the store in which the postal station was located was relevant as to the presence of the stolen articles in the station during the day of the theft; the weight of the testimony was for the jury. (2) Ample testimony connects the defendant with the stolen articles. (3) There was probable cause for the defendant's arrest and the search incident to the arrest was valid; most of the articles seized were in plain sight.

■ Contrary to the defendant's argument, the alleged objectionable testimony of the government witness was reasonably responsive to the questions and, indeed, was not prejudicial to the defendant. The testimony of the postal inspector as to articles found which had been stolen from the store may have been prejudicial, but was admissible under the principle allowing the introduction of evidence of related offenses. See Sutton v. United States, 5 Cir. 1968, 391 F.2d 592. In any event, the defendant received a windfall when the trial judge ordered the testimony stricken and instructed the jury to disregard the testimony. See Odom v. United States, 5 Cir. 1967, 377 F.2d 853.

We have considered all of the issues raised on this appeal.

The judgment is affirmed.