**William Caulk JONES, also known as Paul Russell Hurley and Paul Caulk Jones, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 13553.

United States District Court
D. Connecticut.

Nov. 21, 1969.

TIMBERS, Chief Judge.

Petitioner William Caulk Jones, also known as Paul Russell Hurley and Paul Caulk Jones, presently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, having filed in this Court on September 26, 1969 a motion, pursuant to 28 U.S.C. § 2255, to vacate a three year sentence of imprisonment imposed upon petitioner by the undersigned on May 12, 1969 pursuant to petitioner's plea of guilty to a charge of having escaped as a federal prisoner from the Federal Correctional Institution at Danbury, Connecticut, in violation of 18 U.S.C. § 751(a); and

It appearing from the files and records of this Court that at the time of petitioner's escape from Danbury he was serving a three year sentence of imprisonment imposed October 13, 1967 by the United States District Court for the Southern District of Alabama, at Mobile, following his conviction by a jury of violation of the Dyer Act, 18 U.S.C. § 2312, which conviction was unanimously affirmed on January 2, 1969 by the United States Court of Appeals for the Fifth Circuit (Jones v. United States, 405 F.2d 184 (5 Cir. 1969)), the Fifth Circuit holding that "[t]he evidence was

* No appeal taken.

more than adequate to support the verdict," 405 F.2d at 185; and

While the said appeal was pending in the Fifth Circuit, petitioner having filed in this Court a petition for a writ of habeas corpus on October 30, 1968, which petition was denied by Honorable Robert C. Zampano in a Memorandum of Decision filed January 2, 1969 (United States ex rel. William Caulk Jones v. Frank F. Kenton, Warden, Civil No. 12,904); and

Aside from the numerous irrelevant allegations in the instant § 2255 motion in view of petitioner's plea of guilty to the charge of escaping as a federal prisoner, it appearing that the thrust of petitioner's grievance with respect to the sentence he now seeks to have vacated is that it was imposed by Judge Timbers rather than by Judge Zampano, petitioner having stated in his instant § 2255 motion (p. 5):

> "The change of plea was again postponed because Mr. McNamara [petitioner's attorney] was unable to appear, however when I did appear at court it was not before Judge Zampano but Judge Timbers. Mr. McNamara explained that this did not matter since sentence would still be imposed by Judge Zampano, therefore on his advice and assurance I changed the plea to guilty but admonished him that if Judge Timbers was on the bench at my next appearance that a withdrawal of the guilty plea would be made. * * * At the day of the sentencing once again Judge Timbers was presiding and I told my attorney that I was going to withdraw my plea * * *"; and

The Court being of the opinion that, while petitioner's preference for Judge Zampano over Judge Timbers as a sentencing judge cannot be said to be irrational, the denial of even such an understandable preference does not, as a matter of law, constitute a basis for vacating petitioner's sentence; and

The Court being further of the opinion that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" (28 U.S.C. § 2255 ¶ 3); it is therefore

ORDERED as follows:

(1) That petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255 is in all respects denied.

(2) That petitioner's motion pursuant to 28 U.S.C. § 1915 for permission to file his papers on the instant motion in this Court without payment of the filing fee is granted.