**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Travis JONES, Defendant-Appellant.**
**Nos. 73-2192, 73-2194, 73-2196, 73-2224**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 23, 1973.

Earl Gillian, Montgomery, Ala., (Court-appointed), for defendant-appellant.

Ira DeMent, Calvin C. Pryor, D. Broward Segrest, U. S. Attys., Montgomery, Ala., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

Travis Jones was convicted by a jury of receiving and disposing of a stolen motor vehicle in interstate commerce. He was also convicted in three separate trials by jury of transporting stolen motor vehicles in interstate commerce. He takes four appeals from these convictions, which we consolidate in this opinion. Each appeal raises two issues: sufficiency of the evidence, and admissibility of testimony concerning other transactions involving stolen cars. We affirm all four convictions.

In No. 73-2192, Jones and a codefendant, who pled guilty, were indicted for transporting in interstate commerce a stolen Pontiac in violation of 18 U.S.C. § 2312.[1] The evidence adduced at trial established that the car was stolen. Two accomplices, witnesses for the Government, testified that they saw Jones driving the Pontiac in August. One of these witnesses, Broaden, further testified that Jones told him to dispose of the car. Proper instructions regarding the credibility of accomplice witnesses and limiting the use of testimony concerning other vehicles were given.

In No. 73-2194, Jones was convicted of receiving, concealing, and disposing of a stolen black Cadillac, in violation of 18 U.S.C. § 2313.[2] The evidence at trial

---

\* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. 18 U.S.C. § 2312:
 "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft,

knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. 18 U.S.C. § 2313:
 "Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle

established that the car was stolen. There was no evidence placing Jones in actual possession of the car. Accomplice Broaden, as witness for the Government, testified that Jones had arranged for him to receive this car in August. Broaden further testified that Jones had arranged to have several cars delivered to him. As in the prior case, proper instructions on accomplice witness testimony and on the evidence relating to other vehicles were given.

In No. 73–2196, Jones and codefendant Loggins, who pled guilty, were charged with interstate transportation of a stolen red and white Cadillac in violation of 18 U.S.C. § 2312. Again, the evidence proved the car stolen. The evidence connecting Jones with this car was Loggins' testimony that Jones told him to drive the car from Illinois to Alabama, where he was to deliver it to Broaden. Jones arrived at Broaden's house on November 15 about an hour after Loggins had arrived there in the red and white Cadillac. Again, proper instructions were given about accomplice witnesses and evidence relating to the other cars.

In No. 73–2224, Jones and codefendant Taylor, who pled guilty, were indicted for transporting a stolen white Cadillac in interstate commerce, a violation of 18 U.S.C. § 2312. The evidence established that the car was stolen. Taylor testified that he and Jones drove the car from Illinois to Alabama. An FBI agent testified that Taylor had given him the same information upon being arrested. Broaden, who also received this car, testified that Jones and Taylor arrived at his house on November 15, and that a white Cadillac was parked

out front. Although the record does not contain the judge's charges (this case being tried before a different judge), no issue concerning jury charges is raised on appeal.

 In each appeal, Jones urges that the evidence was not sufficient to convict him. However, in none of the four trials below was there a motion for directed verdict of acquittal. Therefore, the question of the sufficiency of the evidence was not preserved for appellate review absent a manifest miscarriage of justice. United States v. Wendt, 5 Cir., 1972, 463 F.2d 202. See also United States v. McGlamory, 5 Cir., 1971, 441 F.2d 130; United States v. Penner, 5 Cir., 1970, 425 F.2d 729, 730; Sheffield v. United States, 5 Cir., 1967, 381 F.2d 721; Meeks v. United States, 5 Cir., 1958, 259 F.2d 328; Moomaw v. United States, 5 Cir., 1955, 220 F.2d 589; Knight v. United States, 5 Cir., 1954, 213 F.2d 699, 700.[3] We find no miscarriage of justice here, since the lesser standard which applies when a motion for acquittal is made is fully satisfied.

"On a motion for judgment of acquittal, the test is whether, taking the view most favorable to the Government, a reasonably-minded jury could accept the relevant evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt. Sanders v. United States, 5 Cir., 1969, 416 F.2d 194, 196; Jones v. United States, 5 Cir., 1968, 391 F.2d 273, 274; Weaver v. United States, 5 Cir., 1967, 374 F.2d 878, 881."

United States v. Warner, 5 Cir., 1971, 441 F.2d 821, 825, cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971).

---

or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

**3.** We said in Knight v. United States, 213 F.2d at 700:
"No motion for a judgment of acquittal was made in the lower court in behalf of

either defendant. Consequently, the sufficiency of the evidence on which the convictions were based is not reviewable here. Colt v. United States, 5 Cir., 160 F.2d 650; Jordan v. United States, 5 Cir., 120 F.2d 65. However, to avoid a manifest miscarriage of justice, this court does have the power to reverse a conviction notwithstanding no motion for a judgment of acquittal was made. Moore v. United States, 5 Cir., 161 F.2d 932, 933."

*See also* Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941). We find the evidence at each trial was sufficient to support a jury verdict of guilty.

Jones also asserts that it was error to admit evidence of transactions concerning cars other than the vehicle specified in the indictment. We assume that Jones' contention refers to the fact that the indication that he dealt in a ready supply of cars from Illinois to Alabama might lead the jury to believe he formed part of a large stolen car ring. It is because the evidence relating to the other cars shows behavior which is part of a larger scheme and has a clear connection with the crime charged in the indictment that the evidence is admissible. It was never stated at trial that the other cars were stolen or that Jones faced other criminal charges. Moreover, the trial judge gave precise and careful limiting instructions as to the use which could be made of the other-car evidence. A long line of cases speaks for the admissibility of this evidence, beginning with the discussion of admissibility of evidence of another crime unconnected with the one on trial in Weiss v. United States, 5 Cir., 1941, 122 F.2d 675, 682, cert. denied, 314 U.S. 687, 62 S.Ct. 300, 86 L. Ed. 550 (1941):

" . . . The general rule is that evidence of another crime unconnected with the one on trial is inadmissible, but this rule is subject to a number of exceptions, the first of which is that evidence of other offenses by the accused is admissible to show his criminal intent as to the offense charged, where the other offenses are similar to and not too remote from that charged, and where intent is in issue as an element of the offense charged. . . . Another is to rebut a claim of mistake or inadvertence. An exception also applies where the crime charged is one of a series of swindles or other crimes involving a fraudulent intent, or where the crime charged is part of a plan or system of criminal action. It is clearly admissible in prosecutions for obtaining money by false pretenses. The length of time over which an inquiry as to other offenses may extend is within the sound discretion of the trial court." [Footnote omitted.]

We elaborated in Sutton v. United States, 5 Cir., 1968, 391 F.2d 592, 593:

"The trial judge must be given considerable latitude in allowing evidence to show the element of intent. Holt v. United States, 5 Cir., 1965, 342 F.2d 163, 166; Roe v. United States, 5 Cir., 1963, 316 F.2d 617, 621; Weiss v. United States, 5 Cir. 1941, 122 F.2d 675, 682. Furthermore, the court properly charged the jury concerning the limited use they should make of the evidence. Condrey v. United States, 5 Cir. 1965, 351 F.2d 456; Ahrens v. United States, 5 Cir. 1959, 265 F.2d 514."

Matthews v. United States, 5 Cir., 1969, 407 F.2d 1371, 1381, makes the following summary:

"Proof of another crime which aids in or is appropriate in establishing the crime in question is admissible. [Citations omitted.] Prior and subsequent crimes are admissible on the issue of intent to commit the crime in question. [Citations omitted.] Prior or subsequent, the similar act should not be too remote in point of time from the offense charged. [Citations omitted.] Such remoteness is not the case here. Nor is there abuse of discretion by the trial judge in admitting the prior similar acts going to the issue of intent. [Citations omitted.] . . . Where the prior acts or crimes are clearly part of the larger scheme, have a clear connection with the crime charged, and are patently a part thereof, they are admissible in evidence. [Citations omitted.]"

*See also* United States v. Boyd, 5 Cir., 1971, 446 F.2d 1267, 1270; United States v. Mancuso, 5 Cir., 1970, 423 F.2d 23, 30, cert. denied, 400 U.S. 839, 91 S. Ct. 79, 27 L.Ed.2d 73 (1970); United States v. Restrepo, 5 Cir., 1969, 417 F.2d

927, 928; United States v. Chapman, 5 Cir., 1969, 413 F.2d 440, 444; Gilstrap v. United States, 5 Cir., 1968, 389 F.2d 6, 9, cert. denied, 391 U.S. 913, 88 S.Ct. 1806, 20 L.Ed.2d 652 (1968); Brumley v. United States, 5 Cir., 1967, 379 F.2d 327; Pardo v. United States, 5 Cir., 1966, 369 F.2d 922, 924–925; Condrey v. United States, 5 Cir., 1965, 351 F.2d 456, 457; Ahrens v. United States, 5 Cir., 1959, 265 F.2d 514, 516; Ehrlich v. United States, 5 Cir., 1956, 238 F.2d 481, 484.

We note that the evidence below dealing with Jones' connection with transactions involving other cars concerns simultaneous acts and is not necessarily, and was not presented to the jury as, evidence of other crimes. Even were these transactions considered as evidence of other crimes, they would clearly be admissible under the above-cited cases. The evidence below is evidence of interrelated acts committed in the same period of time and forming a part of a scheme which includes the offense charged, and as such is clearly admissible.

The four convictions below are affirmed.

Affirmed.