## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

v.

Walter Thomas Childrey, III

December 29, 1983

Cases No. 83F671, 83F672, 83F673

By JUDGE E. BALLARD BAKER

Walter Thomas Childrey, III, was indicted on three charges, conspiracy to commit robbery, conspiracy to commit capital murder, and conspiracy to commit abduction, of Anthony P. Mehfoud.

Evidence was heard on November 9, 1983. The principal witness presented was Tommy Klingensmith, an accomplice and co-conspirator by his testimony. At the conclusion, this Court took under advisement the question of whether a conviction could be had based on the testimony of Klingensmith. The only other witnesses were Detective D. P. O'Keefe who testified with respect to venue, and Anthony Mehfoud who testified with respect to the location of his place of business, Sandston Pharmacy, his address, the fact of his children working in the Pharmacy and his motor vehicles.

During Klingensmith's testimony he was allowed, over objection, to state what Vernon Martin, the third member of the alleged conspiracy, said with respect to the conspiracy plans.

Statements made by one conspirator in the course of the conspiracy are admissible against a defendant charged with conspiracy. Whether the existence of the conspiracy must first be shown before hearsay statements of a co-conspirator are admissible is a matter handled differently by different courts. Floyd v. Commonwealth, 219 Va. 575, discusses this in some length at 581-583, and approves a procedure under which:

> . . . statements, otherwise inadmissible as hearsay, may be "conditionally admitted subject to being 'connected up' by subsequent independent proof of concert of action." (219 Va. 582).

That procedure was followed in these cases. Hearsay statements of Vernon Martin were admitted through Klingensmith.

The question then becomes is there independent proof of concert of action, of conspiracy.

Without considering the hearsay statements of Martin, Klingensmith's testimony, if credible, with respect to what he did and said, and with respect to what the defendant, Childrey, did and said are sufficient to establish that Childrey was a participant in these three conspiracies. Is this testimony independent proof of conspiracy and is it credible?

Klingensmith was, of course, an accomplice. The uncorroborated testimony of an accomplice can be sufficient to support a conviction, though it should be considered with great care. Had these cases been tried by jury, the defendant would have been entitled to the cautionary instruction. 1 VMJI, Accomplices, Inst. 5.

There is no rule of law that prohibits the conviction in a conspiracy charge where the sole evidence of the defendant's participation is that of a co-conspirator. The rule is stated in State v. Carey, 206 S.E.2d 213 (N.C. 1974):

. . . when the testimony of a co-conspirator is available, it is competent to establish the conspiracy . . . A co-conspirator is an accomplice and is always a competent witness. . . It has been held in many cases that the unsupported testimony of a co-conspirator is sufficient to sustain a verdict, although the jury should receive and act upon such testimony with caution. (206 S.E.2d 219).

To the same effect, see Colt v. U.S., 160 F.2d 650; 15A C.J.S., Conspiracy, § 92(c); 16 Am. Jur. 2d, Conspiracy, § 45. California seems to have a contrary rule, based, at least in part, on a statutory requirement that accomplice testimony be corroborated. People v. Comstock, 305 P.2d 228.

The "independent proof" of conspiracy can come from a co-conspirator. "Independent" relates not to the witness, but to evidence other than the hearsay statements of Vernon Martin.

This case comes down to whether this Court accepts the uncorroborated testimony of Klingensmith as credible and sufficient to convict the defendant. Without lengthening this letter by specifics, this Court is satisfied from his testimony, the details, the proof of the Hanover convictions relating to Vickie Baldwin and the Rexall incident, and his demeanor on the stand that Klingensmith was testifying truthfully and with knowledge, of these three conspiracies and Childrey's involvement.

The evidence of Mehfoud and O'Keefe establishes venue and the existence of the proposed victim.