No. 90-284

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

CITY OF COLUMBIA FALLS,

    Plaintiff and Respondent,

    v.

STEVEN M. BENNETT,

    Defendant and Appellant.

FILED

FEB 19 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Terry A. Wallace, Missoula, Montana

    For Respondent:

    Katherine R. Curtis, Columbia Falls City Attorney,
Columbia Falls, Montana; Marc Racicot, Attorney
General; Paul Johnson, Assistant Attorney General,
Helena, Montana.

Submitted on briefs:  November 29, 1990

Decided:  February 19, 1991

Filed:

Clerk

Justice William E. Hunt, Sr., authored the Opinion of the Court.

On October 27, 1989, defendant and appellant Steven Bennett was found guilty of the offense of disorderly conduct in a non-jury trial in the Eleventh Judicial District Court, Flathead County. He appeals from that conviction.

We affirm.

Two issues are raised on appeal:

1. Whether the District Court erred in finding the defendant used "threatening, profane, or abusive language" in violation of § 45-8-101(c), MCA.

2. Whether the District Court erred in finding the defendant's language disturbed the peace.

Just after midnight on August 21, 1988, an officer of the City of Columbia Falls Police Department stopped a driver on suspicion of driving under the influence of alcohol. The officer pulled the driver over into a parking lot adjacent to the Circle K convenience store, which was across the street from the Paul Bunyan Bar. The officer administered field sobriety tests to the driver, and subsequently arrested him for driving under the influence. The officer called a wrecker to tow the vehicle and the driver was confined in the patrol car.

At this point, the defendant, owner of the Paul Bunyan Bar, came across the street and spoke to the driver. The defendant then returned to the bar and the wrecker arrived to tow the vehicle. As the wrecker driver was preparing to hook up the vehicle, the

defendant again came out of the bar and began loudly and vehemently protesting the activity. The defendant told the wrecker driver in a loud and threatening voice that he was a "son of a bitch" and a "bastard" and that he (the defendant) was going to "put a stop to it."

The policeman told the defendant to "back off." The officer testified that the defendant then told him, among other things, "You're fucking out of line. You've done it this time, you're fucked." The defendant returned to the Paul Bunyan Bar. The confrontation lasted five or ten minutes.

On September 20, 1988, a complaint was filed in the City Court of the City of Columbia Falls, charging the defendant with one count of disorderly conduct and one count of obstructing a peace officer. He was found guilty of disorderly conduct, and he appealed from that conviction. The District Court, in a non-jury trial de novo, found the defendant guilty of disorderly conduct.

The first issue raised on appeal is whether the District Court erred in finding the defendant used "threatening, profane, or abusive language" in violation of § 45-8-101(c), MCA.

Section 45-8-101, MCA, provides in part:

(1) A person commits the offense of disorderly conduct if he knowingly disturbs the peace by:

. . .

(c) using threatening, profane, or abusive language;

. . ..

The District Court stated that the defendant's words were of such

3

a nature that "men of common intelligence would understand that the words were likely to cause an average person to fight." Defendant maintains that his words were neither threatening nor obscene and therefore could not be labelled "fighting words."

It was not necessary, however, for the defendant's words to be "fighting words." Section 45-8-101(c), under which the defendant was charged, simply makes it a violation to use "threatening, profane, or abusive" language. The defendant knowingly disturbed the peace by using profane and abusive language, within the common understanding of those terms, to both the wrecker driver and to the officer. He had therefore violated the statute.

Both parties to this appeal rely on City of Whitefish v. O'Shaughnessy, 216 Mont. 433, 704 P.2d 1021 (1985). The defendant in Whitefish was charged under a municipal ordinance forbidding offensive behavior when he called the officer a "[m.f.]" and "this statement was made willfully, maliciously, visually, and directly to the officer, and that the language used constituted 'fighting' words." Whitefish at 436, 704 P.2d at 1023. At trial, the court instructed the jury that "threatening, profane and obscene words, said without a disarming smile, are generally considered to be 'fighting words.'" On appeal, we held that certain taunting and namecalling directed toward a peace officer did constitute "fighting words" within the definition set out by the United States Supreme Court in Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct.766, 86 L.Ed. 1031 (1942).

Whitefish is distinguishable from the case before us. Here we have no "fighting words" requirement in the charging document or in a jury instruction. As the statute is written, the District Court did not err in finding a violation.

The defendant's initial appellate brief to this Court does not challenge the constitutionality of § 45-8-101(c) either under the United States Constitution or under the Montana Constitution, so we need not reach that issue. His discussion of constitutionality is limited to his reply to the City's brief, and therefore is not properly a subject of this Opinion.

The second issue is whether the District Court erred in finding the defendant's language disturbed the peace.

The defendant maintains that because the environment surrounding the incident was noisy from vehicle and bar activity, there was no "peace" to be disturbed and he therefore could not have committed the offense of disorderly conduct. The conduct here did not disturb a quiet residential neighborhood like that in City of Billings v. Batten, 218 Mont. 64, 705 P.2d 1120 (1985), but it nevertheless caused a crowd to form and caused people to stop other business and observe the confrontation. As such it upset the status quo, or "disturbed the peace."

The appellant's next argument that the only ones disturbed were police or their agents who "must not conceive that every threatening or insulting word or gesture or motion amounts to disorderly conduct," is equally without merit. The wrecker driver

5

to whom the language was addressed was not a police officer and the crowd that formed was not comprised of police officers. The District Court did not err in finding disorderly conduct by disturbing the peace.

Affirmed.

_____
Justice

We concur:

_____
_____

_____

_____
Justice's