No. 96-278

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

PHILIP L. GRANBY,

Defendant and Appellant.



APPEAL FROM:    District Court of the Fifth Judicial District,
                In and for the County of Jefferson,
            The Honorable Robert J. Boyd, Judge presiding.



COUNSEL OF RECORD:

For Appellant:

Eric Rasmusson, Attorney at Law, Boulder, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Christina Lechner Goe,
                    Assistant
             Attorney General, Helena, Montana

Valerie D. Wilson, Jefferson County Attorney, Boulder, Montana



Submitted on Briefs: April 24, 1997

Decided:    June 17, 1997
Filed:


_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Appellant, Philip L. Granby appeals from the February 20, 1996 Judgment of the Fifth Judicial Court, Jefferson County, convicting him of the offenses of disorderly conduct, in violation of 45-8-101, MCA, and violating privacy in communications, in violation of 45-8-213, MCA. We affirm in part and reverse in part.

We restate the issues on appeal as follows:

1) Did Granby waive his claim of insufficiency of the evidence as to both offenses by failing to raise the issue in the District Court?

2) Was there sufficient evidence for the District Court to convict Granby of the offense of disorderly conduct?

3) Was there sufficient evidence for the District Court to convict Granby of the offense of violating privacy in communications?

### Factual and Procedural Background

The following facts are taken from the parties' testimony at trial. On June 10, 1994, Granby went to the home of his ex-wife, Delores Aaberg, in order to remove a non-running vehicle from her premises that he had been awarded in their decree of dissolution. Granby's brother and friend accompanied him to help him tow the vehicle.

Upon their arrival, Aaberg came outside and told Granby that he would have to leave, as his presence on the premises was in violation of the restraining order incorporated in the decree of dissolution. Granby refused to leave and an argument ensued.

Aaberg testified that during the argument Granby asked her "did you get enough dick today" and gestured toward her as if he were masturbating. Granby's friend corroborated this statement and testified further that he had to "break up the fight," grabbing Granby by the arm and pulling him out of the way. Aaberg and Granby's two young daughters were present for at least part of the argument.

Approximately two weeks later, Aaberg called Granby to discuss visitation with the children. According to Aaberg, she told Granby that her roommate, Richard Hayward, had died, and that in response Granby said: "So your dick died, huh, that's too bad. How long did you know him? Not very long at all, I'll bet." Aaberg then hung up the phone. She also testified that Granby had made other annoying or harassing phone calls to her on numerous occasions. Granby testified that it was Aaberg who initiated the call in question, but he did not deny making the statements.

On July 8, 1994, Aaberg went to the sheriff's office to file a complaint against Granby because of these incidents. On August 25, 1994, the Justice Court of Jefferson County found that there was probable cause and issued a warrant for Granby's arrest based on five misdemeanor charges: theft, criminal trespass to property, violating privacy in communications, violation of a protective order, and disorderly conduct. A bench trial

was subsequently held in Justice Court.  Granby failed to appear and he was convicted of all five misdemeanors.

Granby filed a notice of appeal in District Court and a bench trial was held in February, 1996.  The county attorney dismissed the theft charge at the end of the trial and the District Court found Granby not guilty of the offenses of criminal trespass to property and violation of a protective order.  The court found Granby guilty of the offenses of violating privacy in communications and disorderly conduct.  Granby appeals both convictions based on the sufficiency of the evidence.

## Discussion

1) Did Granby waive his claim of insufficiency of the evidence as to both offenses by failing to raise the issue in the District Court?

The State argues that Granby has waived the claim of sufficiency of the evidence as to the disorderly conduct and violation of privacy in communications offenses because he never presented these arguments to the District Court.  The State claims that if Granby believed that the evidence was insufficient to meet the State's burden of proof, he could have filed a motion for judgment of acquittal based on insufficiency of the evidence under 46-16-403, MCA, or made an oral motion to dismiss, either at the close of the prosecutor's case or at the close of all the evidence.  The State cites 46-20-104(2), MCA, and State v. Walsh (Mont. 1997), 931 P.2d 42, 45, 54 St.Rep. 64, 65, as support for its contention that because Granby failed to raise insufficiency of the evidence at the District Court level, it is waived for purposes of appeal.

Section 46-20-104(2), MCA, provides:

Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2).

Granby argues that the plain language of 46-20-104(2), MCA, provides this Court with ample authority to review Granby's convictions.  He argues that the statute distinctly separates review of a verdict or decision from alleged error committed during the district court proceedings, and requires a defendant to object to error, but does not require a defendant to object to the verdict or decision itself, in order to preserve the case for appeal. Granby further argues that the decision in Walsh was based on inappropriate authority and that the decision is contrary to the legislature's intent in its adoption of 46-20-104, MCA.  We agree.

In Walsh, this Court declined to consider Walsh's challenge to charges of accountability "because Walsh failed to argue at any time prior to filing his brief on appeal that the evidence was insufficient to support the verdict on the accountability charges . . . . See State v. Johnson (1993), 257 Mont. 157, 162, 848 P.2d 496, 499."

Walsh, 931 P.2d at 45.

Granby argues that the Walsh Court's reliance on Johnson was misplaced. In Johnson the defendant claimed on appeal that the testimony of an accomplice was insufficiently corroborated. Johnson, 848 P.2d at 498. The Court in Johnson declined to address the issue because nothing in the record "disclosed a challenge to the sufficiency of the corroborative evidence, or the evidence as a whole, by way of either a motion for an acquittal or a motion for a directed verdict." Johnson, 848 P.2d at 498. The Court did not hold that a general claim of insufficiency of the evidence to support the verdict was barred on appeal for the failure to either move for a judgment of acquittal or a dismissal at the end of trial. The Court simply declined to address an allegation of specific trial error on appeal on the basis of the defendant's failure to object to the trial error in the district court. It is clear that the Court in Johnson was concerned with error committed during the course of the trial, and not with review of the defendant's verdict or final judgment. Therefore, we agree with Granby that Walsh's reliance on Johnson was misplaced.

Additionally, Granby argues that the result in Walsh is contrary to the intent of the Code Commission when it recommended adoption of 46-20-104, MCA, by the legislature. The Commission Comments provide:

[Subsection (2)] also broadens the scope of appeal in one respect. Under the present code it is necessary to make a motion for a new trial and then appeal from an adverse ruling if the grounds of appeal are also the grounds for a motion for a new trial. No such requirement is intended to be imposed by this code. All questions heretofore raised on such an appeal may be raised on appeal from the judgment regardless of whether a motion for a new trial has been made in the trial court. . . . It is the purpose of Subsection [(2)] to provide one complete, full and adequate review by enlarging the power of the reviewing court. This is accomplished by allowing the court to decide all questions raised by the entire proceeding, below, including an appeal from a motion for a new trial.

Although the Comments discuss a motion for new trial rather than a motion for a judgment of acquittal or directed verdict, we believe the reasoning is equally applicable.

It is clear that the legislature intended that a reviewing court have the power to provide a comprehensive review of the district court proceedings for sufficiency of the

evidence without the necessity of a motion challenging the sufficiency of the evidence in the district court.

Furthermore, allowing a comprehensive review of a verdict or decision without a motion for acquittal does not deny a district court the opportunity to rule on the issue of sufficiency of the evidence. Under  46-16-403, MCA, a district court may, "on its own motion . . . dismiss the action . . ." when the evidence is insufficient to support a finding or verdict of guilty.

For the foregoing reasons, we conclude that Walsh's holding that an appellant waives the right to challenge the sufficiency of the evidence to support a verdict on appeal by failing to raise the issue in the district court was decided on the basis of inappropriate authority and is contrary to the intent of the legislature. Therefore, we overrule Walsh insofar as it bars a claim of insufficiency of the evidence to support a verdict on appeal for failure to raise the issue in the district court.

Furthermore, we agree with Granby that a plain reading of  46-20-104, MCA, indicates that an appellant need not challenge the sufficiency of the evidence at the district court level in order for this Court to review a "verdict or decision" on the basis of sufficiency of the evidence. The second sentence in  46-20-104, MCA -- "Failure to make a timely objection during  trial constitutes a waiver of the objection . . ." -- addresses an appeal based on "any alleged error objected to which involves the merits or necessarily affects the judgment," and does not prohibit this Court from reviewing a verdict or decision as a whole. For the foregoing reasons we hold that Granby did not waive his claims of insufficiency of the evidence as to either offense.

## Standard of Review

This Court reviews the sufficiency of the evidence to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Richards (1995), 274 Mont. 180, 184, 906 P.2d 222, 224. This standard applies to judge-made findings of fact, as well as to findings of fact by a jury. State v. Bower (1992), 254 Mont. 1, 833 P.2d 1106.

2) Was there sufficient evidence for the District Court to convict Granby of the offense of disorderly conduct?

The District Court found that Granby "knowingly and intentionally disturbed the peace . . . by making loud or unusual noises, and/or using threatening, profane or abusive language, by accusing Delores Aaberg of 'screwing around' and using abusive language concerning Ms. Aaberg's sexual life and by using his hands in a lewd manner suggesting masturbation . . . . " Section 45-8-101(1), MCA, provides:

A person commits the offense of disorderly conduct if he knowingly disturbs the peace by:

. . .

(b) making loud or unusual noises;

(c) using threatening, profane, or abusive language;

. . . .

Granby presents a constitutional challenge to his disorderly conduct conviction. He argues that his conduct during the incident at Aaberg's residence did not rise to the level of "fighting words" designed to provoke or incite violence and, therefore, his conduct constitutes "protected speech" as defined in City of Billings v. Batten (1985), 218 Mont. 64, 705 P.2d 1120. However, Granby failed to raise this constitutional challenge to his conviction in the District Court and it is therefore waived pursuant to 46-20-104(2), MCA. In City of Columbia Falls v. Bennett (1991), 247 Mont. 298, 301, 806 P.2d 25, 27, this Court rejected the appellant's constitutional challenge to the disorderly conduct statute for failure to raise the issue in his opening appellate brief. Because the constitutionality of the statute was not at issue, it was not necessary for the Court to apply the constitutional interpretation of the statute set out in Batten, that a person's conduct or language must constitute "fighting words" in order for a conviction to stand. Instead, the Court simply analyzed whether the appellant's language and conduct constituted "threatening, profane, or abusive language" in violation of the disorderly conduct statute as written. Bennett, 806 P.2d at 26-27. We apply the same analysis here.

Both parties testified that they were heatedly arguing with each other in the presence of others. Both Aaberg and Granby's friend testified that Granby stated "did you get enough dick today" and used abusive and profane gestures. Granby's friend testified that he had to "break up the fight" and "haul" Granby away. When viewed in the light most favorable to the prosecution, any rational trier of fact could have found that Granby knowingly disturbed the peace by using threatening, profane, or abusive language and gestures. Therefore, we hold that there was sufficient evidence to convict Granby of the offense of disorderly conduct and affirm his conviction on this charge.

3) Was there sufficient evidence for the District Court to convict Granby of the offense of violating privacy in communications?

Granby argues that sufficient evidence in the record does not exist to support the conviction of violating privacy in communications. Section 45-8-213(1)(a), MCA,

provides the following:

[A] person commits the offense of violating privacy in communications if he knowingly or purposely:

(a) with the purpose to terrify, intimidate, threaten, harass, annoy, or offend, communicates with any person by telephone and uses any obscene, lewd, or profane language, suggests any lewd or lascivious act, or threatens to inflict injury or physical harm to the person or property of any person (the use of obscene, lewd, or profane language . . . is prima facie evidence of an intent to terrify, intimidate, threaten, harass, annoy, or offend) . . . .

Granby testified that Aaberg called him on June 24, 1994. During this conversation Aaberg told Granby that her roommate, Richard Hayward, had died. Granby responded: "So your dick died, huh, that's too bad. How long did you know him? Not very long at all, I'll bet." Granby argues that this statement does not contain obscene, lewd, or profane language and does not reflect an intent to "terrify, intimidate, threaten, harass, annoy, or offend." The State argues that, when taken in context, the obscene overtone in the comment is apparent. We hold that this statement alone does not constitute obscene, lewd, or profane language. Furthermore, considering the circumstances under which it was made, including the fact that Aaberg initiated the call, and that Granby was responding to Aaberg's comment, we hold that it was not made with the intent to harass or annoy. Therefore, after viewing the evidence in the light most favorable to the prosecution, we hold that the evidence presented is not sufficient to support the conviction for violating privacy in communications and Granby's conviction on this charge is reversed.

In conclusion, we hold that Granby did not waive his claims of insufficiency of the evidence; there was sufficient evidence to convict him of the offense of disorderly conduct; and there was not sufficient evidence to convict him of violating privacy in communications. Therefore, Granby's conviction for disorderly conduct is affirmed; his conviction for violation of privacy in communications is reversed; and his sentence for violation of privacy in communications is vacated.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE
/S/ JAMES C. NELSON
/S/ KARLA M. GRAY

```
        /S/  JIM REGNIER
 /S/  TERRY N. TRIEWEILER
 /S/  WILLIAM E. HUNT, SR.
```