DA 07-0452

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 312N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

ROBERT BRIEN, III,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DC 06-14
Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Jim Wheelis, Chief Appellate Defender; Anne-Marie Simeon, Legal Intern,
Helena, Montana

       For Appellee:

           Hon. Mike McGrath, Attorney General; David Ole Olson, Assistant Attorney
General, Helena, Montana

           Michael B. Hayworth, Rosebud County Attorney, Forsyth, Montana

           Submitted on Briefs: August 6, 2008

           Decided: September 9, 2008

Filed:

                       Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Appellant Robert Brien, III (Brien), appeals following his conviction of operating a motor vehicle while his privilege to do so has been revoked, fourth offense. We affirm.

¶3    A Rosebud County sheriff's deputy recognized Brien while on patrol in St. Joseph's Village in Rosebud County. The deputy knew that Brien's driver's license had been revoked and stopped Brien's car as a result. The deputy issued Brien a citation for driving while his privilege to do so had been suspended or revoked.

¶4    Brien moved the District Court to dismiss his case. He argued that the District Court lacked subject matter jurisdiction over the offense as the offense took place in St. Joseph's Village and St. Joseph's Village lies within the exterior boundaries of the Northern Cheyenne Reservation. Brien and the State of Montana stipulated that the District Court would use evidence developed at a hearing on the identical issue in an unrelated case to resolve the dispute. The State called no witnesses at the hearing, but introduced, without objection, various maps, photographs, and land records documenting the geological history of the Tongue River's flow around the St. Joseph's area. The District Court concluded that St. Joseph's was not within the exterior boundaries of the Northern Cheyenne Indian Reservation.

¶5     The District Court proceeded to a bench trial on April 6, 2007, on Brien's charge of driving with a revoked license. The District Court adopted the findings of fact and conclusions of law from the hearing on the related case where it determined that the District Court had subject matter jurisdiction over the offense that had taken place in St. Joseph's Village. The court found Brien guilty of the offense of Driving While Suspended or Revoked, and sentenced him to six months in jail with all but two days suspended. Brien appeals.

¶6     Brien argues on appeal that the State bears the burden of proving jurisdiction and that the State has failed to do so. He contends that the record lacks sufficient evidence for the court to have concluded that St. Joseph's Village lies outside the exterior boundaries of the Northern Cheyenne Indian Reservation. The District Court's determination that it had subject matter jurisdiction over the charged offense constitutes a legal conclusion that the court reviews de novo. *State v. Spotted Blanket*, 1998 MT 59, ¶ 18, 288 Mont. 126, ¶ 18, 955 P.2d 1347, ¶ 18. We review a district court's findings of fact to determine whether any rational trier of fact could have found the fact beyond a reasonable doubt when viewing the evidence in the light most favorable to the State. *State v. Granby*, 283 Mont. 193, 199, 939 P.2d 1006, 1009-10 (1997).

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that Brien has failed to prove the

3

District Court's findings of fact were clearly erroneous and that its legal conclusions were incorrect. We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE