FILED

November 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0048

DA 15-0048

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 322N

CITY OF HELENA,

> Plaintiff and Appellee,

v.

COLTON A. HOFSTETTER,

> Defendant and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC-2014-279
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> Carl B. Jensen Jr., Law Office of Carl B. Jensen Jr., LLC; Great Falls, Montana

> For Appellee:

> Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant Attorney General; Helena, Montana

> Thomas J. Jodoin, Helena City Attorney, Iryna O'Connor, Deputy City Attorney; Helena, Montana

Submitted on Briefs:   September 9, 2015
Decided:   November 17, 2015

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Colton Hofstetter appeals from the order of the Montana First Judicial District Court, Lewis and Clark County, affirming his Helena Municipal Court judgment finding him guilty of violating § 61-8-401(1)(a), MCA, driving under the influence of alcohol. We affirm.

¶3      On November 22, 2013, at about 12:30 a.m., Helena police officer Bryan Kern observed a vehicle parked in an alley near Ewing Street and Sixth Avenue in Helena. The vehicle's alarm system was activated, the keys were inserted in the ignition, and the vehicle's engine was running. As Officer Kern approached the vehicle he noticed a male seated in the driver's seat, apparently unconscious. After some attempt, he awakened the man, whom he later determined to be Hofstetter. Officer Kern smelled the odor of alcohol emanating from the vehicle and he testified Hofstetter was rather disoriented. Officer Kern questioned Hofstetter who admitted to drinking alcohol earlier that evening but stated he had not been driving. Instead, Hofstetter stated he got into and started his vehicle in order to stay warm only after he discovered he was locked out of his apartment. Officer Kern then conducted DUI testing, and subsequently arrested Hofstetter upon suspicion of driving under the influence of alcohol. In fact, Hofstetter's

2

later blood alcohol analysis revealed an intoxication of 0.194 g/mL, over twice the legal limit.

¶4 On June 18, 2014, Hofstetter was tried in a bench trial before the Helena Municipal Court and found guilty of driving under the influence of alcohol, in violation of § 61-8-401(1)(a), MCA. At trial Hofstetter conceded the evidence of his blood alcohol results, but asserted the defense of necessity. After his sentencing, Hofstetter properly appealed his conviction in the Montana First Judicial District Court, Lewis and Clark County. On January 5, 2015, the District Court affirmed Hofstetter's conviction.

¶5 On appeal, Hofstetter argues the Helena Municipal Court erred by failing to issue written findings of fact after it found Hofstetter guilty of driving under the influence of alcohol. He states without written findings of fact his conviction cannot be supported.

¶6 When reviewing a municipal court decision a district court functions as an intermediate appellate court. We review a district court's determination as though the appeal was originally filed with this Court. *State v. Ellison*, ¶ 8, 2012 MT 50, 364 Mont. 276, 272 P.3d 646. We examine the record independently of the district court's decision. We review the trial court's findings of fact for clear error and its legal conclusions and mixed questions of law and fact de novo. *Ellison*, ¶ 8.

¶7 The procedural aspects of a criminal case in a municipal court are governed by statute. Title 46, chapter 17, MCA. Specifically, § 46-17-401, MCA, sets forth, except as otherwise provided, "the proceedings and practice in municipal court shall be the same as in district court." We have previously held a district court in a criminal bench trial is under no statutory duty to make written findings, except in death penalty cases, which is

specifically provided by statute. *State v. Price*, 191 Mont. 1, 10, 622 P.2d 160, 165 (1980); *State v. Duncan*, 181 Mont. 382, 396, 593 P.2d 1026, 1034 (1979); *see* § 46-18-306, MCA.

¶8 Furthermore, we review a defendant's conviction for sufficiency of the evidence. *State v. Granby*, 283 Mont. 193, 199, 939 P.2d 1006, 1009 (1997). Upon viewing the evidence in the light most favorable to the prosecution we look to see whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Granby*, 283 Mont. at 199, 939 P.2d at 1009. This is the case for findings of fact made by a jury in a jury trial or by a judge in a bench trial. *Granby*, 283 Mont. at 199, 939 P.2d at 1010.

¶9 Despite Hofstetter's assertions to the contrary, it is clear under Montana law, the municipal court was under no obligation to enter written findings of fact. Thus, the inquiry can turn to whether the court's findings of fact were clearly erroneous and whether upon the record there is sufficient evidence to support Hofstetter's conviction.

¶10 Hofstetter was charged with the violation of § 61-8-401(1)(a), MCA. In order to be found guilty of violating this statute one must be 1) under the influence of alcohol and 2) either driving or in actual, physical control of a vehicle upon a state roadway. Section 61-8-401(1)(a), MCA. Despite the conflicting testimony as to whether it was necessary for Hofstetter to seek shelter inside his running vehicle or find alternative accommodations, it is undisputed that on the night in question Hofstetter's blood alcohol content was above the legal limit, and he was alone, seated inside of a running vehicle,

parked in a city alleyway. Thus, based on the record, it can be implied that all of these were findings of fact made by the court, and none of which are clearly erroneous.

¶11 Moreover, it is the duty of the judge, sitting as the trier of fact, to evaluate the evidence presented for both weight and credibility. As stated, the evidence of whether Hofstetter was under the influence of alcohol or in control of a vehicle was not in dispute. It can be inferred by Hofstetter's conviction itself that the judge then evaluated the evidence of the remaining issues in dispute and determined the evidence supported finding Hofstetter guilty of driving while under the influence of alcohol. When viewed in the light most favorable to the prosecution, any rational trier of fact could have found Hofstetter was both under the influence of alcohol and in actual, physical control of a vehicle upon a state roadway; thus in violation of the statute. Therefore, based on review of the record, we conclude the court's findings were not clearly erroneous and there is sufficient evidence to support the court's finding that Hofstetter was guilty of violating § 61-8-401(1)(a), MCA.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ MICHAEL E WHEAT

5

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER